Panel H and we have two argued cases and two submitted cases. Before I note the submitted cases for the record I'll just indicate that after we hear the two argued cases the panel will step down and a new panel will be reconstituted and that will constitute panel H plus and it will hear one case before it. CSX Court v. United States number 2007-5003. The two submitted cases before the panel today for the record are Walsh v. United States number 2007-5081 and Wright v. Department of Veterans Affairs number 2007-7247. Again those two cases are being submitted on the briefs without oral argument. The first case in which we'll hear oral argument this morning is Renda Marine v. United States and it is number 006-5127. Mr. Salazar? Okay and you're just want to confirm you've reserved five minutes for rebuttal is that correct? Okay well you can start whenever you're ready. Honorable Justices may it please the court. My name is Terry Salazar and I'm here as attorney for the appellant. I love the promotion thank you very much. The president didn't see it that way but I'm glad you do. The case before the court this morning presents two important questions that warrant your very thoughtful consideration. The first question that we raise in appeal is whether or not the court of federal claims has the ability to make a jurisdictional determination regarding a contracting officer's final decision on any level if the contractor fails to appeal that contracting officer's decision within the statutory time frame set forth in the CDA. Why would the contractor fail to appeal that decision? Can you help me on that? Well your honor I was not the attorney of record at trial but it's my understanding that the trial attorney believed that the government was going to assert a counterclaim in the trial court action and upon the completion of discovery and when it became apparent that the government was not going to seek leave to amend to assert the counterclaim at that point the attorney made a motion trying to bring the issue before the court. The trial attorney also believed that the issue was already in place so to speak before the court based upon the claims that were set forth in the original complaint that was filed seven months before the contracting officer's decision was issued. Let me be sure you've answered a question I was going to ask separately. It is the case is it not that the government did not counterclaim in your case? Absolutely correct your honor. And the government did not raise the contracting officer's adverse decision as a defense or set off of any kind? No sir. That was never part of your case? Never part of the case. Thank you. In this particular case we had a complaint that was filed in April of 2002 and then the contracting officer issues a final decision asserting a government claim against the contractor seven months later in November of 2002. The trial court ultimately decided that it had no jurisdiction to deal with that contracting officer's decision issued in November of 2002 on any level. That was because it had not been put in play if you will, it had not been appealed by the contractor within the one year period. That was the ground that the court rested on I think. That's correct. The court ultimately concluded that it had no ability to even make a shaman determination if you will as to whether or not the government's counterclaim or the claims asserted in the contracting officer's later decision, whether or not those claims were the mirror image of the claims that the contractor had submitted in its complaint that was filed with the court seven months earlier. And the question that this court must address we believe is whether or not the mere passage of time can divest the court of jurisdiction if it in fact has jurisdiction over those government counterclaims by virtue of the mirror image doctrine that was recognized. Well, but you do have a statute that sets forth two time limits, one, 90 days to go to the board and then a year to go to the court. And you refer to the mirror image and the shaman doctrine, but the only way you get to the issue of whether you have a shaman situation is if there is a timely appeal of the decision. And there wasn't here. Well, but that would presuppose that the court then does not have jurisdiction of those government counterclaims as the court and shaman recognized. But you said it doesn't have jurisdiction of the government counterclaims. There weren't any government counterclaims. There was simply a contracting officer's decision asserting affirmative claims against the contractor, I guess the amount of about $11 million, and that was not appealed. And the government didn't bring it into the case. The government chose not to assert an affirmative counterclaim or assert an affirmative defense of set-off. That's correct. But if you look at what the court and shaman ultimately decided, it decided that the claims of the contractor were put in litigation. The subsequent, in that case, they were put in litigation, weren't they? Well, I mean, it seems to me you've got two hurdles that are conceptually distinguishable as our presiding judge has just explained. One of them is the question of whether you appealed or were needed to appeal or whether there's a finality problem that you have to deal with. But it seems to me before we even reach that, we have to first find out, was the contracting officer's government claim, it's really not a counterclaim, it's just a contracting officer's decision that you all owed money, was that ever in play? I will give you the example. You can't file a claim on behalf of the government, can you? I mean, if the government has a claim against you, can you go in the court and file a claim and say, I want to litigate the government's claim? You could ask for a declaratory decree, couldn't you? Yes. But not in the Court of Federal Claims. Well, the Court of Federal Claims does have some limited declaratory. But not that. But not that. Okay, so you can't get that in the Court of Federal Claims. No. Could you file a claim against yourself on behalf of the government? No. Wasn't that your problem? No, I don't believe it was. The issue here is whether or not the subject matter of the claims that was in the contracting officer's decision in November 2002 was already before the court by virtue of the complaint filed seven months earlier. In the Charman case, the court said that the contracting officer's later decision was a nullity because he was without authority. In this case, if you look at the various claims that were set forth in that contracting officer's decision in November 2002, we point out in our brief that there's one claim that was clearly in play by virtue of the complaint, and that was the claim with regard to liquidation. Cesar, you point out that, I guess it's your position, that the government claims the contracting officer's decision was a nullity under Charman. That's correct. And you point out that's, in effect, what the court held in Charman, correct? Correct. But the point is it was a court that held it. In other words, as Judge Plager pointed out in his colloquy with you, in Charman there was no issue of timeliness. Everything was properly in the Court of Federal Claims from a timeliness standpoint, but the court said, all right, the case is before us, but the contracting officer did not have authority to issue the decision, etc. Here the problem is no court can say that because the case wasn't brought in. It's not enough for your client to say the contracting officer's decision was void. The government would say, no, it wasn't, except for a court to decide, and since it wasn't appealed, it never got before a court. I mean, I guess what I'm saying is the contract, I mean, I read the colloquy of trial counsel and the statement was made, well, we decided we didn't have to bring this matter before the court because of the Charman doctrine. Well, counsel may or may not be right in terms of how Charman would play out if the case were adjudicated, but it's not for counsel, respectfully, to make that determination. It has to bring the case into court and then have the court decide, and it didn't do that. But does a trial counsel's tactical determination during the course of trial preparation, does that have the ability to divest a court of jurisdiction? Well, when you don't file a claim within the period of time, we have countless cases which say when you don't file a claim, whether it's a personnel case or a contract case, if you don't file within the period set forth in the statute, you can't litigate it. But if the claim is already in litigation, the trial court has to… the Flair claim and other claims by the contractor were in litigation, no question about that, but there was no government claim in litigation and there was no mirror image determination by a court which would put the case within the ambit of Charman so as to render void the contracting officer's decision. It was valid on its face. We would argue that the trial court does have the ability to conduct a limited factual inquiry… If the case is timely filed. This is a substantive matter. I mean, you know, the government would say, well, no, it was a valid decision. You say it wasn't, but that's for a court to decide, not for the contractor. We also raise the issue of whether or not a contracting officer's decision, if made with fraud or gross mistake that amounts to bad faith, whether or not the trial court has the ability to make a determination as to whether or not… But there's no evidence to support those allegations, is there? Yes, there's evidence in the record to support those allegations. You have the evidence of the liquidated damages claim already being before the court, but you also have the contracting officer acknowledging that the government claims for excess reprocurement costs, which would have to be based upon a default of the contractor, that there was never any default. But again, Mr. Allen, that's for a court to decide. I mean, if there was a timely – if there had been a timely appeal and these matters were before the court, it may very well be that you would advance your contentions, the government would advance its contentions, and possibly the court would have agreed. But the problem was it wasn't appealed. I understand. Let me move on to the Flair claim. Now you're into your reserve time, and I'll just briefly mention the Flair claim. The issue here is whether or not the trial court should completely ignore the evidentiary value of the agency's factual determinations that were made during the course of performance of the contract in reaching its factual findings in making its decision on this claim. We lay out how we believe that the contractor did meet the four-element test for different site conditions claim, and we would point out that the trial court completely ignored all of the agency's contemporaneous findings that were in agreement with the contractor on those four requirements. It was the underpinnings of the unilateral modification to temporarily fund that particular issue. And we'll go ahead and reserve the rest of the time for it. We'll give you your – we'll restore your full time for rebuttal, Mr. Sandlin, because you had a number of questions. So you'll have your full five minutes on rebuttal. Thank you. And we'll hear from the government now. Mr. Kozlowski? Yes, Your Honor. May it please the Court? Why didn't the government file a counterclaim in this action following the issuance by the contracting officer of his claims against the contractor? Your Honor, we determined that instead of filing a counterclaim, we would simply let those issues be raised by the contractor through an appeal in a separate action. A lot of strategy was going on in all of this lawsuit. You ended up filing those claims in a later lawsuit as a set-off, didn't you? That's in litigation somewhere. That's correct. Wouldn't it have made sense to have filed it in this case? Well, we didn't raise – we raised it as a set-off, but only after the decision became final and conclusive and not revealed. Well, you hardly raised it yet. Okay. Everybody was maneuvering and got themselves in a hole. Yes, Your Honor. I mean, there are quite candidly trial tactics or strategy involved in these cases. We determined to let the contractor raise the matter. What we didn't foresee is the fact that the contractor neglected to file a timely appeal, and that, of course, is what spawned this litigation over the attempt to challenge the CO's decision on affirmative claims. Far be it from anyone to ever want to just get to the merits of a case, right? You can ignore that comment. Counsel, how do the counterclaims differ from the claims that were involved in the suit? I understand the appellant's argument to be that the claims are simply a mirror image of what was already before the court, and I'm just curious if you could explain to me, because I had a little difficulty discerning the ways in which they were different. As we argued in the trial court, the contractor's claims that are the subject of this litigation are essentially eight differing site condition claims seeking equitable adjustments for alleged differing site conditions. The affirmative claims that are addressed in the contracting officer's decisions are not based on a theory of differing site condition. They're not brought under the differing site condition clause. But at least for some of them, isn't it really the same? The thing that they're saying was a different site condition which prevented their compliance with the contract exactly as written and would cost more money and take longer. You're actually saying, well, the fact that it took longer delayed us and you should pay us for it. So isn't it sort of two sides of the exact same coin in some instances? I would respectfully say no, Your Honor. The test, as we understand it, for mirror image or whether the claims are the same is whether or not the claims are for the same money, and they're not for the same money. Same money? You're saying that they owe you because they took too long, and they're saying you owe them because it was going to take them longer. Don't both of those come down to really the underlying facts of the differing site condition dispute? Well, we don't disagree that there's some overlap in the facts, but the case law is to the effect that that mere overlap in the facts is not in and of itself enough to render claims the same claims. In this mirror image analysis, a case that I have in mind is a case by this court, Case Inc. I think it's 88 Fed Third is where it is. The court looked to whether the contractor and the government were arguing or attempting to address the same money. That's not what you have when you're seeking an equitable adjustment for a differing site condition versus, for example, damages for an equitable adjustment. Actually, it would be damages in this case for a failure to complete the project or to comply with the specifications. You're saying there's a claim, a component of the contracting officer's decision is a claim based on alleged, and I underline alleged, defective work on the part of the contractor? Most of those claims are rooted in that kind of theory. But again, this hasn't been determined. It hasn't. The trial court didn't reach the substantive question of whether the Sharman type objection really applied in light of her conclusion that by virtue of 41 U.S.C. 605B, she was precluded from reaching that question. Because of the finality issue. That's correct. And that's the government's position? Yes, Your Honor. Are you saying that had they not let the statute run, they could have brought all this stuff in to this case? Is that your position? Only if the trial court had allowed and permitted an amendment to the complaint. Would it have been a proper amendment? In our view, it would not have because there was undue delay. No, Judge Flager is saying, assume for the moment the day after the contracting officer rendered the November 2002 decision, if at that point the contractor had sought to amend the complaint to challenge that affirmative claim, that was his question, I think. It's conceivable that the court would have allowed the amendment at that point in time. No, that's not my question. Could the court have allowed the amendment if it wanted to? Yes. At that point? Yes, because the one year had not run. And the government would not have had a valid objection? At that point in time, probably not, Your Honor, because the discovery was just getting underway in the case. But it's the government's claim, not his claim. Could he just bring the government's claim into the suit? Well, he could not bring the government's claim into the suit, but he could bring this challenge. I understood your question. Under the statute, you're saying he can challenge any contracting officer's decision? Correct. On the merits or whether it was authorised or not. Wait a minute. I understand he could file a separate suit challenging the government's claim against him, right? Yes. Under the statute, that's what he's supposed to do. If the government makes a claim against him based on a contract performance problem, he can challenge the government's claim by going to court. Yes. He's already in court on his own claims, which you have been deemed to have denied. Can he, in that suit, his own suit that he's already brought, can he simply amend his first suit or does he have to bring a separate suit to challenge your claims? Do you see what my question is? I believe he would have to bring a separate suit to challenge our claims if we didn't bring them in. That's the question, isn't it? Can he drag you in on your claims as an amendment to his suit or does he have to file a separate suit and perhaps ask the court to consolidate the two? I couldn't find any law on that issue. Do you have any at your fingertips? I do not, Your Honor. OK. Let me ask you a question. I'm sorry, I may have interrupted your line of questioning. Mr. Casalsky, just as a general proposition, make sure I understand it. Assume for the moment a contracting officer, assume there's no claim pending anywhere by a contractor, OK? And assuming a contracting officer issues a decision claiming $100,000 because of defective work and the contractor doesn't challenge that decision before the board or the Court of Federal Claims and the period of time passes, I assume that at that point the government has a choice. It can either just do nothing or if it wants to try and collect on that claim and the contractor refuses to pay, it has to go into district court. Is that correct? That's correct. In order to make an affirmative recovery in money. Otherwise, the decision would only be available as a set-up. Is it your position that the judge below in the Court of Federal Claims would not have been permitted to allow the amendment of the complaint if she decided to do so permissively, if she reached the conclusion she didn't think it would prejudice the government? Would she have been, even though it would have been time-barred for them to file a separate claim, would she have been allowed to allow them to amend the complaint? Would that have been an abuse of discretion, is what the judge is asking? If the claim was time-barred, yes. Why? Why? If they try to bring into a pending suit a claim that was the subject of a decision that had not been appealed within the time limits prescribed by the CDA, that would be time-barred. Your position, as I understand it, Mr. Kozlowski, is if the contractor you had within the one-year period attempted to amend the complaint to challenge the contracting officer's decision asserting an affirmative claim, it would not have been an abuse of discretion for the court to have allowed it to do so. Absent a discovery issue. I mean, that's the question I asked earlier. If the day after the November 2002 decision, the contractor had any time within the one-year period. Any time within the one-year period. Well, I don't see that that would have been, I'm not sure that would have been an abuse of discretion. You're saying no abuse of discretion, absent a delay to discovery or something like that. But that's allowing the contractor to bring the government's claims in without filing a separate suit. What's your position? Where are you going on this one? Well, I think that… And remember, you're speaking for the government. You're going to be bound by this. Actually, I… You want to take the fifth? I want to take the fifth. I think that at least if we're focusing on the challenge to the validity of the CO's decision based on Charman or some other alleged exception, then I don't believe it would have been an abuse of discretion to allow, in effect, that kind of challenge or claim by the contractor raising that issue with respect to the decision. It's not forcing the government to litigate the underlying merits of its claims or any such thing. Just because I see one question that the other case to which Judge Plager referred earlier that's pending in the Court of Federal Claims, there's the offset there based upon the contracting officer's November 2002 decision. What is the status of that case? Is that pending this decision? Yes, it's… We're in a trial schedule for the last two weeks of March in that case. March or the week. Okay. We've just concluded the fact discovery and we have expert discovery to complete and pretrials. Is it your position that the contracting officer's claim against a contractor, once the claim is made and the time period runs without a proper appeal, that that's an unassailable decision? That's correct, by virtue of 41 U.S.C. 605B. Would that be true even if the contracting officer's claims against the contractor were clearly invalid? Clearly invalid. Yes, Your Honor. Would they still get finality? Yes, Your Honor. How can you have a finally invalid decision by the government? Because the CDA is concerned with decisions by COs. It doesn't distinguish between invalid or valid ones, authorized or unauthorized decisions. Once a contractor receives a decision, the appeal timeframes begin to run. And by virtue of 605B, which doesn't call out any exceptions, the decision is finally, if it's not timely appeal, finally conclusive. And the statute even goes further and says it shall not be subject to review by any tribunal. So you're saying there could never be a determination of invalidity if the time had passed? That's correct. That's the point of the statute, is to have these matters resolved within the timeframes that are established so that in the case of a government claim, for example, the government can do whatever it needs to do with respect to those claims in terms of enforcement, set off, and so forth. Even if the claim is based on fraud, collusion, deceit, and everything else? Absolutely, Your Honor. The CDA itself, with respect to board decisions, Congress called out those kinds of exceptions. But it didn't do it with respect to contracting officer decisions. That, in our view, is unmistakable evidence of congressional intent not to provide for exceptions in a situation such as we have here. I'm glad that case is not before us. Thank you, Mr. Kozlowski. We'll hear from Mr. Salazar on rebuttal. As I said, Mr. Salazar, you have your full five minutes.  I want to follow up on the line of inquiry that the court asked the opposing counsel. And that's whether or not there's any type of review that's permissible of a contracting officer's decision on the question of validity once the one year has passed or the 90 days has passed under the CDA. And there are all sorts of hypotheticals that we can come up with. But a simple one is if the contracting officer who issued the decision had his warrant rescinded two months before the decision was issued. And the contractor was unaware of it and doesn't discover it and raises that issue upon discovery. But the discovery is some 14 months after the decision is issued. Does the fact that the contractor failed to raise that issue within the one year time frame convert a clearly unauthorized act into a final and binding contracting officer's decision? So, Mr. Salazar, these things happen with statutes of limitations. Say, for example, the contractor says that the warrant had been revoked. And the government says, no, it wasn't. You have a difference of opinion on that now. The government might be right. The contractor might be right. But only a court can make that determination. This is always the effect of a statute of limitations, isn't it? That if you don't file a case, whatever kind of a case it is, whether it's a contract case, a tort case, whatever, if you don't file within the period of the limitations set forth in the statute, you can't assert various claims and or defenses. And these are all valid arguments that could be made and perhaps with success if a timely appeal was filed. I agree with what you said, Judge Shaw. Could Congress write a statute that said, so many months after this decision, this particular class of decision is made by a government official, there shall be no challenge against it regardless of the grounds, including warrant, fraud, deceit, or anything else? Could Congress write a statute like that? Certainly Congress could write a statute similar to that. So the real question you're raising is whether this statute is that absolute. That's correct. Are you really kind of suggesting that maybe a doctrine of equitable tolling ought to apply in certain cases like this, which is a doctrine that this court has said in certain circumstances can allow the later filing of a claim beyond a time barred statute of limitations? Are you suggesting something like that? No, Judge Moore. What I'm suggesting is that if you look at the essence of what the Sharman case stands for, which is that once claims are put in litigation, then the corresponding claims that the government might assert in a subsequent contract and martial decision, that that CO is without authority to issue it because of the statutes that grant exclusive jurisdiction in court. But those are for the same claims. Clearly you agree if these were two completely different claims involving different contracts, they just so happen to involve the same two parties, and the CO issued a decision in one and you filed an appeal in the other, that your filing of the appeal in the other wouldn't cover you for the necessity of filing an appeal to the CO's decision in the first one, right? Correct. If they were different events, I don't know why they wouldn't. But this is your claim for money and the government's claim for money. Two separate claims for money. Theirs is about their claim that you're incompetent or otherwise didn't do something you were supposed to do under the contract with the levies and other things. And your claim is there were different site conditions. How are they the same claim? Well, they involve the same contract to be sure, but how are they the same claim? They involve the same events, the same underlying facts, and the question is if the contractor is correct, the government is wrong. If the government is correct, the contractor is wrong. And so the same factual determinations govern both claims. In this case, the judge acknowledged that they may well be mirror image claims, and we know that at least one claim was mirror image. Thank you very much. I just have one housekeeping question. Do you agree with Mr. Kozlowski's statement with respect to the status of the case that's pending in the court of federal claims? I wouldn't. I wouldn't agree with his characterization that the government asserts. No, he just said that there's a not not with respect to this issue, but he said there's a there's a trial scheduled for March of 08. That's correct. OK, that's all I that's all I want to know. Thank you. The case is submitted.